## MACKEY v. SECURITY BLDG. & LOAN ASS'N et al.

No. 21090. Opinion Filed July 19, 1932.

H. J. Mackey, for plaintiff in error.

Abernathy & Howell, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Oklahoma county in rendering a judgment entered on the 16th of July, 1929, foreclosing a mortgage covering lots 33 and 34, block 5, Lawrence Place addition, Oklahoma City. This mortgage had been executed by the defendants in error Cora Cobb and her husband, Harvey J. Cobb, to their codefendant in error on the 28th of August,

1928, to secure $1,300, evidenced by their promissory note given at that time.

On July 18, 1928, said Cora Cobb and her husband had executed a warranty deed to the plaintiff in error, Edith Mackey, reciting a consideration of $1 and other valuable considerations, conveying the property subject to a mortgage to the Mutual Savings & Loan Association in the sum of $1,500. This instrument was withheld from the records until the 18th of January, 1929. The other valuable considerations that are mentioned therein, according to the record, were a Cadillac used car, the value of which for sale purposes turned out to be $75, but it was estimated as high as $300 by some of the parties. The mortgage that existed on the lot was made for the purpose of raising funds to pay the materialmen and laborers who had recently constructed a new dwelling upon the property, which was not then completed, the property being vacant.

The defendants Cobb owned two more pairs of lots in the same block, and sold one pair of the lots to a person by the name of Myers, but in the transfer the lots here in question were described by mistake. The mistake was later discovered and the property was transferred back to Cobb in an effort to rectify the mistake. In the meantime the Myers had paid on the mortgage in question, so that it was reduced from its original amount.

When the mortgage now in question was made, a release was procured by the defendants in error of the first mortgage, on which $55 for expenses had been paid, but the balance of it had not been paid, evidently awaiting the completion of the building; the object of the mortgage being made was to secure moneys to pay for the improvements. In the proceedings to foreclose, the present plaintiff in error was made a defendant, and also the Cobbs, and also the parties who had bought the adjoining lots and had received the mistaken deed. The plaintiff in error appeared by attorney and filed motions to quash, to strike, and demurrers, which in time were overruled, followed by several extensions of time to answer, and finally a judgment on the answer day, June 5th; a mistake was made apparently of one day as to the last default, the calendar month preceding having 31 days in it.

A judgment foreclosing the property was entered, which was later set aside as being given one day ahead of time, and finally an answer was filed on behalf of the plaintiff in error, claiming that the plaintiff below, in discharging the mortgage that was on the land, was a volunteer, and that, notwithstanding the state of the record, the plaintiff had constructive notice of the rights of the plaintiff in error, by virtue of some cards stuck up on the property showing that it was for sale by the present plaintiff in error. Various denials were made, and various motions were made, and finally it was tried by the court, the Honorable T. G. Chambers being the judge, the judgment of the 5th of June being vacated.

The record is rather voluminous. There are a great many objections to the introduction of evidence, some sustained and some overruled, and the final conclusion of the matter, after elaborate argument, was that the plaintiff below, the present defendant in error, had advanced its money without notice of any rights of the plaintiff in error, Mackey, existing in the property. It is apparent throughout the record that instead of buying a home, in purchasing this dwelling house, the plaintiff in error was trading off a used automobile for the purpose of getting a place to trade on, as the gist of the whole business was that the plaintiff in error wanted to sell instead of keep. As to why the deed was kept off the record, there does not appear any reason in the reading of the record. The assumption of the mortgage was made by a separate instrument.

In addition to resisting the mortgage foreclosure, the plaintiff in error went further and sought a judgment for slander of title for $1,200 against the defendants in error, but there did not appear the elements requisite to sustain a judgment for slander of title, and consequently the lower court held against the plaintiff in error on her slander of title cross-petition, and also with reference to the mortgage. Motions for new trial were made, original and supplemental, and in the progress of it certain affidavits were gotten by the agent of the plaintiff in error from some of the parties who handled the insurance upon the property as a basis for a new trial. These affidavits were made in the early part of August, 1929. Counter affidavits were made about three or four days later by the same parties, showing how the first affidavits had been made by mistake.

A personal judgment was rendered against the Cobbs on the note and a foreclosure on the property, with a six months allowance for payments entered. Practically everything done by the court in opposition to the contentions of the plaintiff in error was duly objected to and exceptions saved, and exceptions saved to the rendition of the judgment and overruling of motion for new trial, as well as to the findings of fact

and conclusions of law of the court, so that practically everything that was done by the court is here for review. Elaborate assignments of error have been made, covering everything, but the gist of the matter is the question, whether or not this property in the hands of the plaintiff in error was subject to the payment of the purchase price.

It is clear that the property was bought subject to the mortgage. It is further clear that a mistake was made, resulting in the mortgage being taken up and the materialmen's lien against the property being discharged by the proceeds of the present mortgage. It was tried below on the theory of innocent purchaser, and we are not prepared to say that the court did wrong in deciding it on that theory of the case. Justice demands that this property should be subject to that debt, otherwise the plaintiff in error gets something for nothing, arising out of an honest mistake of parties who dealt on the faith of the record title being in their grantors.

The brief of the plaintiff in error is elaborate, and cites a great many cases upon the subject of notice, both actual and constructive, and contains a side reference to the property not being very far from an oil field, and deals with title defamation and payments of incumbrances made by volunteers, and comments upon the attitude of the parties who made the original affidavits and counter affidavits, and in the argument discusses under one head assignments Nos. 13 and 18 together, which is really the gist of the case, to the effect that the judgment is contrary to the law and the evidence. Reference is made to assignments 6, 7, 8, 10, and 11, but no argument is made thereon, and the remaining assignments, 1, 2, 3, 9, 15, 16, and 17, are referred to also.

The counter brief contains a statement of the case, which apparently is a fair deduction from the admitted facts, as we glean them from reading the entire record. A great many authorities are cited on the subject of actual notice, and that which is held by the courts to amount to the same thing, and also the requirements of the registration law. The briefs appear to be full of legal witticisms and some criticisms on the stand of the various parties, including the attorneys and the court. These it is not necessary to distinguish.

We think that, on the general principle of equitable adjustment, this property was liable for this debt, whether we consider it upon the line of a failure to record a deed, or upon the proposition of the lifting of incumbrances and a discharge of the mortgage, that the plaintiff in error bought the property subject to and by separate instrument assumed, as with either view of the matter the result arrived at by the lower court appears to be just, and no prejudicial error has been committed against the plaintiff in error in this case.

Accordingly, the cause is affirmed, with directions to the lower court to proceed with the foreclosure.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. CULLISON, J., not participating. CLARK, V. C. J., and McNEILL, J., absent.